# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOSEPH LEVELL FAIRCHILD**                                               **PLAINTIFF**
**ADC #183021**

V.                          NO. 4:23-cv-01223-JM-ERE

**JAMARCUS RICHARDS**[1]                                                **DEFENDANT**

## RECOMMENDED DISPOSITION

### I.     Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Moody can adopt this Recommendation without independently reviewing the record.

### II.    Background:

*Pro se* plaintiff Joseph Levell Fairchild, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983 alleging that, on November 19, 2023, Defendants Clarence A. Anderson, Jr. and Jamarcus

---

[1] **The Clerk is instructed to update the docket sheet to reflect the full and correct name of Defendant Richards – Jamarcus Richards.** *Doc. 25*.

Richards used excessive force against him. *Doc. 2*. The Court previously dismissed Mr. Fairchild's claims against Defendant Anderson for failure of service. *Doc. 34*.

Mr. Richards has now filed a motion for summary judgment, brief in support, and statement of facts, arguing that Mr. Fairchild failed to exhaust his administrative remedies as to his remaining claim. *Docs. 36, 37, 38.* Mr. Fairchild has responded (*Doc. 40*), and the motion is now ripe for review.

For the reasons stated below, Mr. Richards' motion for summary judgment (*Doc. 36*) should be GRANTED.

### III.   Discussion:

####    A.   The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, the PLRA required Mr. Fairchild to satisfy the ADC's requirements for raising and exhausting his pending claims before bringing this action.

B.  **The ADC Grievance Procedure**

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 36-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the Warden's decision. *Id. at 6-14*. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id. at 14*.

To complete the exhaustion process before bringing this lawsuit, Mr. Fairchild was required to present his claim against Mr. Richards in a timely filed grievance

and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

### C.   Mr. Fairchild's Grievance History

Mr. Richards submits the declaration of Terri Grigsby Brown, the ADC Inmate Grievance Supervisor. *Doc. 36-1*. Ms. Brown states that she reviewed Mr. Fairchild's grievance history and found that he did not file any grievances either: (1) relevant to the pending claim; or (2) naming or referring to Mr. Richards. *Id. at 6-7*.

In responding to Mr. Richard's motion, Mr. Fairchild fails to offer any evidence or argument disputing the evidence presented by Mr. Richards. Instead, Mr. Fairchild states that everything that he has alleged in this lawsuit occurred. *Doc. 40*. This may well be true. However, the law requires the Court to resolve the issue of whether Mr. Fairchild exhausted his available administrative remedies before taking up the merits of Mr. Fairchild's excessive force claim. And because the evidence before the Court permits only one reasonable conclusion – that Mr. Fairchild failed to exhaust his available administrative remedies – the Court must

dismiss Mr. Fairchild's remaining claim without any consideration of its merit.

**IV.   Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Richards' motion for summary judgment (*Doc. 36*) be GRANTED.

2. Mr. Fairchild's excessive force claim against Mr. Richards be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk be instructed to close this case.

DATED 13 September 2024.

_____
UNITED STATES MAGISTRATE JUDGE